UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Mitchell,

          Petitioner,          Court File No. 17-cv-1747 (SRN/LIB)

v.

          **REPORT AND RECOMMENDATION**

Warden Watson, et al.,

          Respondents.

This matter came before the undersigned United States Magistrate Judge pursuant to a referral for report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b) and Local Rule 72.1, and upon Petitioner William Mitchell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1].

For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED** with prejudice.

## I.    BACKGROUND AND STATEMENT OF FACTS

The following is taken from the May 11, 2016, Report and Recommendation issued by Chief United States Magistrate Judge James P. Donohue of the United States District Court for the Western District of Washington, which was subsequently adopted by United States District Judge Richard A. Jones. See, Mitchell v. Ingram, No. 2:15-cv-1290-RAJ, Docket Nos. 27 and 28 (W.D. Wa. 2016).

> On November 19, 2014, petitioner [William Mitchell] was indicted in this district on multiple counts of bank robbery and interference with commerce by robbery. On November 28, 2014, petitioner was ordered detained pending trial and he was confined at FDC SeaTac for the duration of his criminal proceedings in this Court. . . . .

> On February 25, 2015, petitioner was involved in a fight with another inmate at FCD SeaTac. When staff attempted to break up the fight, petitioner elbowed an officer in the face with his elbow. Petitioner was charged with two violations: (1) fighting with another person, and (2) assaulting another person. A hearing was held before a disciplinary hearing officer ("DHO") on April 13, 2015, and petitioner was found to have committed the prohibited acts as charged. As a result of this finding, petitioner was given 60 days in disciplinary segregation and 27 days of good conduct time ("GCT") were disallowed.
> On May 12, 2015, petitioner filed an administrative remedy appeal challenging the disallowance of the 27 days GCT on the grounds that the DHO did not hold petitioner's hearing for over 40 days, and the DHO failed to provide petitioner with a copy of the report reflecting the DHO's decision. The Western Regional Director for the Bureau of Prisons ("BOP") responded to petitioner's appeal on June 8, 2015, advising that the Unit Disciplinary Committee ("UDC") and the DHO were being directed to rehear the matter. [Petitioner] was further advised that if he was dissatisfied with the response, he could appeal to the Office of General Counsel.
> On June 9, 2015, petitioner filed a second administrative remedy appeal with the Western Regional Office of the BOP challenging the same disciplinary matter, but that appeal was rejected on June 11, 2015, for failure of petitioner to provide necessary information in conjunction with the appeal.
> [Petitioner entered a guilty plea in his underlying criminal case on June 16, 2015.]
> The DHO reheard the matter on June 29, 2015. Petitioner refused to attend the rehearing because the rehearing was to be conducted by the same DHO who conducted the original hearing. Petitioner's designated staff representative was, however, present at the hearing. The DHO once again found that petitioner had committed the charged prohibited acts and imposed the same sanctions. A copy of the DHO report for the rehearing was sent to petitioner via the institutional mailroom on July 16, 2015, but petitioner claimed he never received the report. Another copy of the report was personally delivered to petitioner on August 20, 2015[,] by his staff representative.

Mitchell, No. 2:15-cv-1290-RAJ, Docket No. 27 (W.D. Wa. 2016) (citations omitted).

On September 24, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Washington. Id. at Docket No. 6. Therein, he alleged that "he was deprived of good time credits without due process of law" by the aforementioned disciplinary proceedings. Id. at Docket No. 27, p. 1.

2

On January 22, 2016, while his petition for habeas relief in the United States District Court for the Western District of Washington was pending, Petitioner was sentenced to 127 months' imprisonment in the underlying criminal case. Id. at 2.

With regards to the habeas proceedings, the United States District Court for the Western District of Washington issued a Report and Recommendation on May 11, 2016, which was adopted on August 12, 2016. See, Mitchell, No. 2:15-cv-1290-RAJ, Docket Nos. 27 and 28. Therein, the Federal Court reviewed the record before it at that time, and it noted: "According to respondent, petitioner never appealed the June 8, 2015, response from the Regional Director to the Office of General Counsel, nor did he file an administrative remedy appeal challenging the June 29, 2015 DHO action, and the time to do so has now expired." Id. at Docket No. 27, p. 3. Accordingly, the United States District Court for the Western District of Washington concluded:

> Petitioner fails to demonstrate that he exhausted his administrative remedies with respect to his claim that he was deprived of good time credit without due process of law, or that the exhaustion requirement should be excused in the circumstances of this case. Petitioner's federal habeas petition must therefore be dismissed [with prejudice].

Id. at 6.

On May 25, 2017, Petitioner filed the Petition for Habeas Corpus now before the Court. ([Docket No. 1]). Although Petitioner argues the violation of various statutes, regulations, and BOP policies, Petitioner's arguments are once again based upon his loss of the 27 days of GCT detailed above. (See, Id., at 6-8). Respondent filed a Response on August 4, 2017, [Docket No. 17], and Petitioner filed his Reply on August 25, 2017, [Docket No. 18].[1]

---

[1] Petitioner has filed additional documents with the Court, [Docket Nos. 19-23], which are largely duplicative of his earlier filings.

## II.   DISCUSSION

It is well-established that a federal prisoner seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must first exhaust the administrative remedies available to him or her. See, United States v. Callahan, 800 F.3d 422, 426 (8th Cir. 2015) (declining to decide a jail credit issue raised on direct appeal because the defendant had not yet exhausted his administrative remedies and noting that after doing so, the defendant would be able to seek judicial review through a habeas corpus petition"); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) ("[T]he district court did not err in denying Chappel's motion [seeking an order addressing his right to pretrial credit against his federal sentence], because he failed to exhaust his administrative remedies by first presenting his claim to the Bureau of Prisons."); Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974) ("If grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). Although the exhaustion requirement is not jurisdictional, that does not excuse a petitioner from exhausting administrative remedies prior to seeking habeas relief; it means only that the exhaustion requirement may be excused by the Court if appropriate.

First, the undersigned notes that although Petitioner argues the violation of various statutes, regulations, and BOP policies, Petitioner's argument is once again based upon the premise that his pretrial loss of the 27 days of GCT was illegal, which was also the basis for his prior habeas petition brought in the United States District Court for the Western District of Washington. (See, Petition, [Docket No. 1], 6-8). On the record currently before this Court, it appears that after the United States District Court for the Western District of Washington dismissed Petitioner's Petition for Writ of Habeas Corpus with prejudice for failure to exhaust

4

administrative remedies, Petitioner untimely appealed the prior DHO decision to the Office of General Counsel, thereby exhausting his administrative remedies.[2] On November 28, 2016, the Office of General Counsel denied Petitioner's appeal, finding that his sentence, including the GCT disallowance discussed above, was correctly computed. ([Docket No. 6-1]). Petitioner represents that he has therefore exhausted the available administrative remedies. ([Docket No. 1], 4). Respondent agrees that Petitioner has sufficiently exhausted his administrative remedies such that he may now bring the present Petition. (Response, [Docket No. 14], 7).

Despite the parties' agreement, whether Petitioner is barred from bringing the present Petition due to his failure to timely exhaust the available administrative remedies is at best questionable, especially in light of the United States District Court for the Western District of Washington's dismissal <u>with prejudice</u> of his prior challenge to the same GCT calculation for failure to exhaust administrative remedies. <u>See</u>, <u>United States v. Chappel</u>, 208 F.3d 1069, 1069 (8th Cir. 2000) (affirming denial of habeas petition challenging calculation of pretrial credit for failure to exhaust administrative remedies, but noting: "Because the district court dismissed the action <u>without prejudice</u>, however, Chappel will have the right, after exhausting his remedies with the BOP, to file a 28 U.S.C. § 2241 petition . . . ." (emphasis added.)).

The Eighth Circuit has stated: "Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." <u>Barret v. Acevedo</u>, 169 F. 3d 1155, 1162 (8th Cir. 1999). However, the Eighth Circuit has more recently found that a district court erred by considering the merits of a petition for a writ of habeas corpus when the petitioner "failed to demonstrate he had" properly exhausted his administrative

---

[2] There is no indication in the record now before the Court as to why the Office of General Counsel considered Petitioner's administrative appeal on the merits despite its being filed October 19, 2016, over 13 months after the time to appeal period had expired.

5

remedies before seeking habeas corpus relief. See, United States v. Thompson, 297 Fed. Appx. 561, *1 (8th Cir. 2008). Therefore, in spite of Respondent's apparent agreement that Petitioner has sufficiently exhausted the available administrative remedies, the Undersigned must examine whether the record now before the Court supports the same conclusion.

"If a prisoner deprives prison officials and the courts of the benefits of the administrative remedies process, by failing to pursue his administrative remedies in a proper and timely manner, his claims are procedurally defaulted." Donnelly v. Federal Bureau of Prisons, No. 10-cv-3105 (DWF/JSM), 2012 WL 2357511, *3 (D. Minn. May 30, 2012) (collecting cases, citations omitted), Report and Recommendation adopted at 2012 WL 2357490 (D. Minn. Jun. 20, 2012).

> Procedurally defaulted claims will not be entertained in federal court, unless the prisoner is able to show "cause" for his default, and that actual prejudice will result if his claims are procedurally barred. In order to satisfy the "cause" requirement to overcome a procedural default, a prisoner must show that some 'external impediment' prevented him from exhausting his administrative remedies in a proper and timely manner.

Id. at *4 (citations omitted).

In the present case, Petitioner has failed to make any argument as to why he did not exhaust his administrative remedies in a timely fashion. In addition, Petitioner made no such argument in 2016 to the United States District Court for the Western District of Washington, at which time his time to pursue administrative remedies had already lapsed. See, Mitchell, No. 2:15-cv-1290-RAJ, Docket No. 27, p. 6 (W.D. Wa. 2016) ("Petitioner has offered no subsequent evidence or argument demonstrated that he was precluded from pursuing his administrative remedies . . . ."). Therefore, Petitioner has failed to show cause for his failure to timely exhaust the available administrative remedies, and his claims are procedurally barred.

In addition, Petitioner has failed to establish that actual prejudice will result if the claims brought in the present Petition are procedurally barred. Petitioner asserts that the acts of

6

awarding his GCT and then taking it away while he was a pretrial detainee violated numerous statutes, regulations, and BOP policies. (Petition, [Docket No. 1], 6-8).

Contrary to Petitioner's contentions, the propriety of awarding GCT for time spent incarcerated prior to a criminal trial and the resulting potential for the loss of such GCT is well-established. See, 18 U.S.C. § 3624(b)(1); United States v. Warsame, 651 F. Supp. 2d 978, 983 (D. Minn. 2009) (noting that the defendant should receive GCT "for the months that he has been held awaiting trial"). Moreover, the reduction of GCT earned by a pretrial or presentencing detainee for failure to comply with institutional rules has long been accepted by Federal Courts in jurisdictions across the country. See, e.g., Resnick v. Adams, 37 F. Supp. 2d 1154, 1158 (C.D. Cal. 1999) ("[F]ederal pretrial detainees may be punished for prison misconduct by disallowing good time credit."); Herrera v. Holland, Civil No. 6:14-211-GFVT, 2015 WL 1059005, *2-3 (E.D. Ky. March 10, 2015) ("Just as [the defendant/petitioner] could earn good time credits as a federal pretrial detainee under [18 U.S.C.] § 3624(b), those credits were subject to forfeiture for noncompliance with institutional rules."); Fermin v. United States, No. 1:08CV0386, 2008 WL 1930308, *3 (N.D. Ohio April 29, 2008) ("[F]ederal presentence detainees may be punished for prison misconduct by disallowing good time credit."). In light of the widespread rejection of Petitioner's argument on the merits, Petitioner will suffer no prejudice by the barring of his claims as procedurally defaulted.

Accordingly, this Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **denied**, and that this action be **dismissed with prejudice**.[3]

---

[3] See, Donnelly, 2012 WL 2357511, *6 & n.7 (dismissing habeas petition with prejudice because the claims therein were procedurally defaulted).

### III. CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED;** and

2. This action be **DISMISSED with prejudice.**


Dated: December 5, 2017                                s/Leo I. Brisbois
                                                       The Honorable Leo I. Brisbois
                                                       United States Magistrate Judge


### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).